**744**

NORTH CAROLINA FEDERAL SAV-
INGS & LOAN ASSOCIATION, a feder-
ally chartered Capital Stock Savings &
Loan Association; H. Clark Goodwin;
Elbert L. Whitley, Jr.; Edward J. Sny-
der, Jr.; W. Bain Jones; William T.
Huckabee III; Kemp M. Causey; and
Robert L. Isenhour, Plaintiffs,

v.

O. Bruton SMITH; Lone Star Ford, Inc.;
Provident American Insurance Compa-
ny; Charlotte Motor Speedway, Inc.;
Eastbourne, N.V.; Sparmont Corpora-
tion; United Wire, Metal and Machine
Health and Welfare Fund; United Wire,
Metal and Machine Pension Fund; Den-
nis M. Silverman; A.C. Benton; W.A.
Krause; P. Douglas Freedle; Charles A.
West; Stephen A. Jolly; and H.A.
("Humpy") Wheeler, Jr., Defendants.

No. C–C–83–577–M.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Aug. 12, 1983.

Robert C. Stephens, Horack, Talley, Pharr & Lowndes, Charlotte, N.C., for plaintiffs.

William E. Poe, Fred T. Lowrance and Gary C. Ivey, Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, A. Ward McKeithen, Fleming, Robinson, Bradshaw & Hinson, Jeffrey J. Davis, Moore, Van Allen & Allen, E. Osborne Ayscue, Jr., Helms, Mulliss & Johnston, and John M. Murchison, Jr., Kennedy, Covington, Lobdell & Hickman, Charlotte, N.C., for defendants.

ORDER

McMILLAN, District Judge.

On August 3, 1983, this case was heard on plaintiffs' renewed motion for expedited discovery. The court deferred ruling on the motion until written memoranda were received from counsel. The court has received the requested memoranda. On August 8 and August 10, 1983, the plaintiffs filed more requests for yet another hearing on the motions for expedited discovery.

The expedited discovery is sought in anticipation of a possible motion for injunctive relief. Plaintiffs' memoranda and citations of authority number many pages and weigh something like ten pounds or more. While the filings of the defendants are skimpier, apparently they address the issues more directly.

The real question at this stage is whether there is adequate reason for the court to order an accelerated schedule of discovery. This involves questions of interpretation of the Federal Rules of Civil Procedure, of costs and expenses, of substantial justice, and of perishability (or not) of rights and remedies.

The court asked counsel for authorities on the question whether divestiture of stock is a viable legal remedy for violations of Sec-

tion 13(d) of the Securities Exchange Act, 15 U.S.C. § 78a *et seq.* The authorities so voluminously cited by counsel do not give a compelling answer either way. Some courts have issued orders restraining the voting or other use of stock acquired without the disclosures required by Section 13(d). Others, including the Fourth Circuit Court of Appeals and the Supreme Court of the United States, have declined to issue orders preventing a stockholder from voting stock which was acquired or assumed to have been acquired in violation of Section 13(d). *Rondeau v. Mosinee Paper Corporation,* 422 U.S. 49, 95 S.Ct. 2069, 45 L.Ed.2d 12 (1975); *Dan River, Inc. v. Unitex Limited,* 624 F.2d 1216 (4th Cir.1980), *cert. denied,* 449 U.S. 1101, 101 S.Ct. 896, 66 L.Ed.2d 827 (1981).

In *Rondeau,* the Supreme Court expressed the view that the purpose of Section 13(d) is to insure proper disclosures rather than to "provide a weapon for management to discourage takeover bids or prevent large accumulations of stock ...." Damages is a remedy available to stockholders wronged by violations of § 13(d). A very late decision is *Dan River, Inc. v. Icahn,* 701 F.2d 278 (4th Cir.1983), in which the Fourth Circuit Court of Appeals, reversing the district court, denied an injunction prohibiting a stockholder from voting the stock.

Defendants contend that they did not violate Section 13(d), and there appears to be a genuine issue of fact on that score.

The equities in this case are by no means clear, even if the law were clearly in favor of the plaintiffs. The plaintiffs have not, in my opinion, demonstrated a need for the headlong rush into discovery which they have proposed. However, the interests of all the shareholders, including all the plaintiffs and all the defendants, will be served by a modified acceleration of discovery, over a limited period of time and dealing with limited subjects.

IT IS, THEREFORE, ORDERED:

1. Within ten (10) days following the filing of this order, defendants shall deliver to plaintiffs' counsel (or make available pursuant to Rule 33(c)) all documents called for by the discovery demands plaintiffs have made which relate to or seek information concerning the contents, accuracy and completeness of the statements of the defendants in their Securities and Exchange Commission (SEC) 13D Schedules which have been filed since January 1, 1980.

2. Plaintiffs may take depositions of defendants and other persons with knowledge of the contents, accuracy and completeness of the 13D statements of the defendants, starting ten days after the production of the documents aforesaid. These depositions may be taken at a rate not to exceed three full days per week for a period of not greater than four weeks. The parties, by agreement, may exceed these limits. During this period of semi-expedited discovery, *these depositions shall be conducted by the lawyer who has been chosen by each party to conduct further proceedings, including the trial,* if any, of this case.

3. After this round of discovery has been completed, the court would like to look at the results before considering any further orders relating to discovery.